## No. 4540.

### H. A. MORSE, Administrator, v. MRS. E. GRIFFITH.

The exhibition of a decree of the court in which the succession was opened, authorizing plaintiff to administer the same according to law in his capacity of public administrator, and, as such, an officer of the parish as well as of the court, must be held as at least a *prima facie* showing of capacity and authority to sue and stand in judgment in another parish.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough*, J. *H. P. Wells*, for plaintiff and appellant. *E. D. & E. H. Farrar*, for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Morgan.

HOWELL, J. H. A. Morse, as public administrator for the parish of Franklin, duly appointed, as alleged, by the Governor and qualified according to law, sues the defendant in the parish of Madison to recover certain property as belonging to the succession of J. R. Cole, deceased, which he (plaintiff) is administering.

The defendant excepts that the plaintiff has no legal capacity to stand in judgment, and is not the administrator of the said succession of Cole, and, therefore, he has no legal authority to prosecute this suit.

On the trial of this exception plaintiff introduced in evidence a copy of a judgment in the suit of H. A. Morse, public administrator, v. Mrs. E. A. Cole, in the parish court of Franklin, removing the said Mrs. Cole as administratrix of the succession of J. R. Cole, ordering her to render an account of her administration, and appointing and confirming H. A. Morse, public administrator of the parish of Franklin, administator of the said succession of J. R. Cole, deceased, and authorizing him to administer the same according to law. Upon this evidence the judge a quo sustained the exception and dismissed the suit. The plaintiff has appealed. We think the court erred. There was, to say the least, a prima facie showing of capacity and authority to sue and stand in judgment. The plaintiff exhibited his authority from the court in which the succession was opened, to administer the same according to law in his capacity of public administrator, an officer of the parish as well as of the court, and his identity is not questioned. The presumptions are in his favor.

It is therefore ordered that the judgment appealed from be reversed and the exceptions overruled, and that this case be remanded to be proceeded in according to law. Defendant and appellee to pay costs of this proceeding in both courts.